MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Southern** |
|---|---|
| Name (under which you were convicted): **Tishawn C. Woods** | Docket or Case No.: **7:21-cr-00372-VB-1** |
| Place of Confinement: **F.C.I Raybrook** | Prisoner No.: **38989-509** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. **TISHAWN C. WOODS** | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **U.S DISTRICT COURT SOUTHERN DISTRICT OF NEW-YORK (WHITE PLAINS)**

   (b) Criminal docket or case number (if you know): **7:21-cr-00372-VB-1**

2. (a) Date of the judgment of conviction (if you know): **December 22, 2022**

   (b) Date of sentencing: **December 21, 2022**

3. Length of sentence: **240 Months**

4. Nature of crime (all counts): **18:1951 Conspiracy to commit Hobbs Act Robberies. 18:924-c (i)(A)(iii) Discharging firearm In furtherance of a crime of Violence. 18:924-c (N)(A)(ii) Brandishing firearm In furtherance of a crime of Violence. (please see back of page)**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐   (2) Guilty ✔   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   **plead guilty to counts 1, 7, 11 (section 4)**

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

continuance of page 2.
Nature of crime. All original counts.

Count one
Hobbs Act Conspiracy 18: U.S.C 1951
count Two
    Hobbs Act Robbery 18: U.S.C. 1951
count three
    firearm offense 18: U.S.C 924 (c) (i) (A) (ii)
count four
    Hobbs Act Robbery 18: U.S.C 1951 and 2.
count five
    firearm offense 18: U.S.C 924 (c) (1) (A) (ii) and 2
count 6
Hobbs Act Robbery 18: U.S.C 1951 and 2
count seven
    firearm offense 18: U.S.C 924 (c) (i) (A) (ii)
    (iii) and 2.
count eight
    Hobbs Act Robbery 18: U.S.C 1951 and 2
count nine
    firearm offense 18: USC 924 (c) (1) (A) (ii) (iii)
Count Ten
    Hobbs Act Robbery 18: USC 1951 (B) (1)
count eleven
    firearm offense 18: U.S.C 924 (c) (1) (A) (ii)
    (iii)

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____ N/A _____
   (b) Docket or case number (if you know): _____ N/A _____
   (c) Result: _____ N/A _____
   (d) Date of result (if you know): _____ N/A _____
   (e) Citation to the case (if you know): _____ N/A _____
   (f) Grounds raised:

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____ N/A _____
       (2) Result: _____ N/A _____

       (3) Date of result (if you know): _____ N/A _____
       (4) Citation to the case (if you know): _____ N/A _____
       (5) Grounds raised:

       N/A.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____ N/A _____
        (2) Docket or case number (if you know): _____ N/A _____
        (3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Ineffective Assistance of Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

counsel's performance fell below an objective standard of reasonableness when counsel failed to place the government's case to a true meaningful adversial test. Petitioner make this first ground of Ineffective assistance of counsel on Attorney John S. Wallenstein whom represented him during pre-trial and time of plea of guilty. Petitioner Is seeking a collateral review and submits corroborating affidavit and facts please see facts (please turn page over)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

plead guilty

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N|A

Type of motion or petition: N|A

Name and location of the court where the motion or petition was filed: N|A

Docket or case number (if you know): N|A

Date of the court's decision: N|A

Result (attach a copy of the court's opinion or order, if available): N|A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

continuance of ground one

1. counsel did not go over discovery
with petitioner in it's whole.
to prepare a adequate form of defense
against the governments case.
statements made by co-defendants
were never shown to petitioner to
deliver a response whether the statements
were false or true. Inconsistant with
the evidence. or other statements.
counsels deficient performance. really
prejudiced petitioner. Because if counsel
had been loyal to petitioner. going over
all the discovery. there would've been
exculpatory evidence warranting the
suppression of illegally obtained evidence
causing petitioner to wanna go to
trial and not accept a plea.
Also evidence that would've caused
a jury to find the petitioner NOT
Guilty on several counts.

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☒

(6)  If your answer to Question (c)(4) is "Yes," state: N|A

Name and location of the court where the appeal was filed: N|A

Docket or case number (if you know): N|A

Date of the court's decision: N|A

Result (attach a copy of the court's opinion or order, if available): N|A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Pleaded guilty

**GROUND TWO:** Denied effective assistance of counsel when counsel didn't challenge count one duplicity

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

counsel was ineffective for failing to object to or even challenge the duplicity of count one the petitioner is charged with 2 offenses in one count and was manipulated to plea guilty to this when the law forbids this, plus duplicity violates the petitioner substantial rights. counsel should've challenged this. (please turn page)

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

8-OF 18

continuance of ground two:

counsels performance definitely prejudiced
petitioner.
In count one. petitioner is victim of
duplicity. 2 offenses in one count
1. Robbery of a marijuana dealer and
gas station's. In and around Newburgh.
2. The term gas STATIONS meaning more
than one.

legal fact: Duplicity occurs when a Indictment
charges 2 or more separate and distinct
offenses In a single count.
The substantial rights of the petitioner is
Prejudiced
prejudice may occur In 3 ways.
1. Duplicitous Indictments obscure the
specific charges, thereby preventing a
jury from separately deciding the case.
Issue of Innocence or guilt. this duplicity
distorts the jury verdict decisions
2. duplicitous Indictment May also violate
petitioners Constitutional rights.
by hindering petitioners ability to
argue double jeopardy
3. duplicitous Indictments raise the risk

of prejudicial evidentiary hearings.
even though petitioner plea guilty
it was overwhelming ineffective
assistance of counsel for counsel
to not object or challenge the
violation let alone allow petitioner
to plea to it.

(2)   If you did not raise this issue in your direct appeal, explain why:

_____ I pleaded guilty _____

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:   N|A

Type of motion or petition:   N|A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):   N|A

Date of the court's decision:   N|A

Result (attach a copy of the court's opinion or order, if available):   N|A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:   N|A

Name and location of the court where the appeal was filed:   N|A

Docket or case number (if you know):   N|A

Date of the court's decision:   N|A

Result (attach a copy of the court's opinion or order, if available):   N|A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N|A

**GROUND THREE:** Denied Right to effective counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel never requested mental evaluation on petitioner. Dispite knowing petitioner has history of mental illness and disrupted child hood. Counsel acted as surrogate prosecutor by not having his client evaluated to determine if petitioner was mentally capable to understand the offenses and what he was pleading guilty to. Counsel was ineffective

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

pleaded guilty

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: ___N/A___

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Pleaded guilty.

GROUND FOUR: Ineffective assistance of counsel Counsel was Ineffective for not challenging whether robbery of a illegal Marijuana drug dealer

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Constitute a conspiracy to commit hobbs act robbery let alone a federal offense. please see back page

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Continuance of ground four:

Counsel never challenged the validity of
these charges.
Hobbs act is Interference with Interstate
Commerce.
Never does it say the robbery of a local
Marijuana dealer. Constitutes a
federal offense. There was no evidence
of Petitioner Interfering With
United States Commerce.
Counsel Was Ineffective In his
performance which prejudiced his
client. If Counsel had Challenged
this and Submitted Motion to
Suppress also rule 29 for dismissal.
Petitioner Would've Went to
trial Instead of pleading guilty.
to charges that Is Unconstitutional
or other Circuits have ruled Is not
federal Violations.

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

pleaded guilty

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **NO**

GROUND FIVE: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was Ineffective for allowing Petitioner to plead guilty on firearm offense 924-c Using Count one as the predicate offense to support Counts seven and eleven.
Conspiracy to commit hobbs act robbery Is not a crime of Violence. Counsel was Ineffective for not challenging this as well as having Petitioner plead guilty. Counsel prejudiced

(b) Direct Appeal of Ground FIVE: Petitioner by not challenging

(1) If you appealed from the judgment of conviction, did you raise this issue? numerous matte

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

pleaded guilty

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

John S. Wallenstein 1100 Franklin Ave. suite 305    JS
Garden city ny 11530

   (b) At the arraignment and plea:

   (c) At the trial: N/A

   (d) At sentencing: John S Wallenstein

   (e) On appeal: N/A

   (f) In any post-conviction proceeding: N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐    No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed: N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐    No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely file within the one year statue of limitations where the United States District Court, southern District of New-York sentenced Petitioner December 21, 2022.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)   the date on which the judgment of conviction became final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate the sentence and, or the conviction and remand back to district court for evidentiary hearing to expand the record for purpose of revealing the Miscarriage of Justice or any other relief to which movant may be entitled. New sentencing hearing Vacating the 924-c due to it being Unconstitutionally attached to whats been ruled as NOT crime of Violence.

Tishawn C. Woods.
~~Signature of Attorney (if any)~~

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _December 12, 2023_

(month, date, year)

Executed (signed) on _December 12, 2023_ (date)

Tishawn Woods
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

<u>Legal Affidavit</u>



RECEIVED
DEC 1 8 2023
U.S.D.C.
W.P

United States
of America

v.

<u>Tishawn c. woods</u>

Case 7:21-cr-00372-VB-1

under the penalty of perjury u.s.c 1746
on this <u>6</u>th day of december 2023
This affiant Tishawn c. woods state
the following facts. Is true.

<u>1.</u> I'M currently at F.C.1 Raybrook
Serving a Sentence of 20 years.

<u>2.</u> prior to My plea agreement
My appointed Counsel John s.
Wallenstein did <u>NOT</u> show me

A. Brady Material Discovery of
statements by Co-defendants.
B. D.N.A and or forensic evidence.
C. Affidavits for warrants to determine
if false Information was Used to obtain

the warrants. Also
In order for me to see possible
defense for preparation for trial.
Instead he took advantage
of my Mental Disability and
lack of knowledge in the law.
Manipulating me into taking a
plea of guilty, for charges.
That U.S Supreme court and
Circuit Courts has ruled is
Unconstitutional. rendering him
Ineffective. Quoting Strickland
V. Washington 466 U.S 688 80 L.ed 2d
674. 104 S.ct 2052 (1984)
this affidavit should be in support
of My (Tishawn C. Woods)
Habeas corpus 2255 petition.
to this honorable court. requesting
relief. to Vacate the 924-c conviction.

09DEC2023

SERGEI SVESHNIKOV
Notary Public - State of New York
NO. 01SV6421250
Qualified in Essex County
My Commission Expires May 2, 2026

Isl _Tishawn woods_

Tishawn C. Woods
F.C.I Raybrook
P.O BOX 900
Raybrook n.y 12799

C. I. Raybrook
P. Box 900
Raybrook n.y 12977

Att: court clerk
United States District
Court
Southern Division
300 Quarropas Street
White plains, N.Y 10601

JSM WP
SDNY

RECEIVED
DEC 1 8 2023

DEC 15 2023
USPS

DEC 15 2023
USPS

FOREVER/USA FOREVER USA

Sent
Legal Mail

Ruled out 12-14-2023